**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02652-CMA-STV

ESWARAN SUBRAMANIAN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,
v.

MICHAEL D. WATFORD,
GARLAND R. SHAW, C.
BRADLEY JOHNSON, DAVID W.
HONEYFIELD and JERALD J.
STRATTON, JR.,

    Defendants.

---

Civil Action No. 1:20-cv-02820-KLM

ANDREW BUSSOM, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,
v.

MICHAEL D. WATFORD,
GARLAND R. SHAW, C.
BRADLEY JOHNSON, DAVID W.
HONEYFIELD and JERALD J.
STRATTON, JR.,

    Defendants.

---

**ORDER GRANTING MOTION OF THE ULTRA PETROLEUM INVESTOR GROUP
FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

Having considered the papers filed in support of the Motion of class members Scott Heiner, Bala Settu, Geoffrey Polychronis, Mahdi Riyad Issa, and Yoav Givon (collectively, the "Ultra Petroleum Investor Group" or "Movant") for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

## I. CONSOLIDATION OF RELATED ACTIONS

1. The above-captioned securities fraud class actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related and which may be considered herewith, are consolidated with the *Subramanian* matter under Case No. 1:20-cv-02652-CMA-STV (the "Consolidated Action").

2. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Master File shall be Master File No. 1:20-cv-02652-CMA-STV. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall serve a copy of this Order on counsel of record in each of the above-captioned actions.

3. Every pleading filed in the Consolidated Action shall bear the following caption:

Civil Action No. 1:20-cv-02652-CMA-STV (Consolidated with 1:20-cv-02820)

IN RE ULTRA PETROLEUM CORP. SECURITIES LITIGATION

## II. APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL

4. Movant has moved this Court to be appointed as Lead Plaintiff in the action

and to approve the counsel it retained to be Co-Lead Counsel.

5. Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the class.

6. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firms Levi & Korsinsky, LLP and Bragar Eagel & Squire, P.C. to serve as Co-Lead Counsel and Berens Law LLC as Liaison Counsel. The Court approves Movant's selection of Counsel for the Consolidated Action.

7. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in depositions;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendants;

   g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filings of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the Consolidated Action.

8. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Co-Lead Counsel.

9. Service upon any plaintiff of all pleadings in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel.

10. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

### III. NEWLY FILED OR TRANSFERRED ACTIONS

11. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a. file a copy of this Order in the separate file for such action;

b. serve a copy of this Order on the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c. make the appropriate entry on the docket for this action.

12. Each new case that arises out of the subject matter of the action that is filed

in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

IT IS SO ORDERED

DATED: _____

_____
HONORABLE CHRISTINE M. ARGUELLO
UNITED STATES DISTRICT JUDGE